**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re:

THE ESTATE OF ANGELA D.
SIMPSON-MANIGAULT,

          Debtor.
-------------------------------------------------------------------x

Chapter 7

Case No. 25-35500 (KYP)

**MEMORANDUM DECISION DENYING**
**DEBTOR'S MOTION FOR STAY PENDING APPEAL**

**APPEARANCES:**

THE ESTATE OF ANGELA D. SIMPSON-MANIGAULT
*Pro Se*
P.O. Box 105
Pound Ridge, NY 10576
By:     Glenn L. Manigault, as Administrator

UNITED STATES TRUSTEE, REGION 2
WILLIAM K. HARRINGTON
Leo O'Brien Federal Building
11A Clinton Avenue
Room 620
Albany, NY 12207
By:     Alicia M. Leonard, Esq.
             Of Counsel

**HONORABLE KYU YOUNG PAEK**
**UNITED STATES BANKRUPTCY JUDGE**

### INTRODUCTION

Glenn L. Manigault ("Mr. Manigault"), as administrator of the estate of Angela D.

Simpson-Manigault ("Estate"), moves ("Motion") under Federal Bankruptcy Rule 8007

to stay this Court's September 2025 order dismissing the Estate's bankruptcy case

pending appeal of that order to the United States District Court for the Southern District

of New York ("New York District Court").[1]  The Office of the United States Trustee for Region 2 ("U.S. Trustee") objects to the Motion ("Objection").[2]  For the reasons stated, the Objection is SUSTAINED, and the Motion is DENIED.

**BACKGROUND**[3]

**A.      The Properties, Foreclosure Actions, and Bankruptcy Filings**

Mr. Manigault is (i) the administrator of the Estate,[4] and (ii) the owner and sole member of an entity called G.L.A.D. Enterprises, LLC ("GLAD Enterprises").[5]  The Estate and GLAD Enterprises purport to hold ownership interests in three houses located at (i) 963 Fence Row Drive, Fairfield, CT 06824 ("Fairfield Property"), (ii) 6 Ulbrick Lane, Westport, CT 06880 ("Westport Property"), and (iii) 8 Woodbine Drive, Highland Mills, NY 10930 ("Highland Mills Property," and collectively with the Fairfield and Westport Properties, the "Properties").

Each of the Properties is subject to a state court foreclosure action as follows:

- the Westport Property is subject to foreclosure in the Superior Court of the State of Connecticut, Judicial District of Fairfield at Bridgeport ("Connecticut State

---

[1]      *See The Estate of Angela D. Simpson-Manigault's Emergency Motion for Stay Pending Appeal of the Chapter 7 Dismissal*, docketed on June 29, 2026 (ECF Doc. # 30); *see also The Estate of Angela D. Simpson-Manigault's Reply to United States Trustee's Objection to Emergency Motion for Stay Pending Appeal*, docketed on July 21, 2026 ("Reply") (ECF Doc. # 37).  "ECF Doc. # _" refers to documents filed on the electronic docket of this bankruptcy case.  "ECF p. _"refers to the page number imprinted across the top  of the page by the Court's electronic filing system.  References to dockets of other cases will include the case name or number.

[2]      *See United States Trustee's Objection to Emergency Motion for Stay Pending Appeal*, dated July 14, 2026 (ECF Doc. # 33).

[3]      This section includes references to judicial documents and court records filed on dockets of other cases.  The Court may take judicial notice of such documents and records.  *In re Mirena IUD Prods. Liab. Litig.*, 29 F. Supp. 3d 345, 350 (S.D.N.Y. 2014); *see* FED. R. EVID. 201.

[4]      *See Voluntary Petition for Non-Individuals Filing for Bankruptcy*, dated May 12, 2025 (ECF Doc. # 1 at ECF p. 4).

[5]      *See Voluntary Petition for Non-Individuals Filing for Bankruptcy*, dated February 24, 2026 (ECF Case No. 26-22179 Doc. # 1 at ECF p. 4; ECF Case No. 26-22179 Doc. # 1-1).

Court"), in an action commenced on October 28, 2015 captioned *Deutsche Bank Nat'l Tr. Co. v. Simpson, et al.*, No. FBT-CV15-6053107-S ("Westport Property Foreclosure Action");

- the Fairfield Property is subject to foreclosure in Connecticut State Court in an action commenced on September 30, 2016 captioned *Deutsche Bank Nat'l Tr. Co. v. G.L.A.D. Enters., LLC*, No. FBT-CV16-6059644-S ("Fairfield Property Foreclosure Action"); and

- the Highland Mills Property is subject to foreclosure in the Supreme Court of the State of New York, County of Orange ("New York State Court"), commenced on December 11, 2019 captioned *U.S. Bank Nat'l Assoc. v. Manigault*, Index No. EF009716-2019 ("Highland Mills Property Foreclosure Action," and collectively with the Westport Property Foreclosure Action and Fairfield Property Foreclosure Action, the "Foreclosure Actions").

To impede the progress of the Foreclosure Actions, GLAD Enterprises and the Estate have filed a total of six bankruptcies.[6]  A summary of the bankruptcies follows.

### 1.    First Bankruptcy Case

On December 13, 2018, GLAD Enterprises filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Connecticut ("Connecticut Bankruptcy Court").  *See In re G.L.A.D. Enters., LLC*, Case No. 18-51625 (JAM) (Bankr. D. Conn.) ("First Bankruptcy Case").  The First Bankruptcy Case was filed on the eve of trial in the Fairfield Property Foreclosure Action.  *See G.L.A.D. Enters., LLC v. Deutsche Bank Nat'l Tr. Co.* (*In re G.L.A.D. Enters., LLC*), Adv. P. No. 19-05018 (JAM), 2019 WL 5586962, at *1 (Bankr. D. Conn. Oct. 28, 2019) ("*GLAD I*") (noting that the First

---

[6]    Prior to the commencement of the Foreclosure Actions, Mr. Manigault filed two additional bankruptcies in his personal capacity.  First, on June 26, 2010, Mr. Manigault and Angela D. Manigault filed a joint petition under Chapter 11 of the Bankruptcy Code.  *See In re Glenn L. Manigault, Jr. and Angela D. Manigault*, Case No. 10-36936 (CGM).  That case was dismissed by order dated August 18, 2010.  Second, on June 18, 2013, Mr. Manigault filed a petition under Chapter 13 of the Bankruptcy Code. *See In re Manigault*, Case No. 13-36440 (CGM).  That case was dismissed by order dated September 18, 2013.

3

Bankruptcy Case was filed "when trial was set to commence" in the Fairfield Property

Foreclosure Action). The First Bankruptcy Case was dismissed six days after the filing

because GLAD Enterprises was not represented by an attorney and could not appear *pro

se*. (*See* ECF First Bankruptcy Case Doc. # 9 (dismissal order).)

### 2. Second Bankruptcy Case

On May 1, 2019, GLAD Enterprises filed another Chapter 7 petition in the

Connecticut Bankruptcy Court, this time through counsel. *See In re G.L.A.D. Enters.,

LLC*, Case No. 19-50604 (JAM) (Bankr. D. Conn.) ("Second Bankruptcy Case"). The

Second Bankruptcy Case was filed two weeks before trial was scheduled to commence in

the Westport Property Foreclosure Action. *GLAD I*, 2019 WL 5586962, at *1 (noting the

timing of the Second Bankruptcy Case filing). On October 28, 2019, the Connecticut

Bankruptcy Court (i) abstained from adjudicating an adversary proceeding in which

GLAD Enterprises alleged that the lenders had obtained the notes by fraud, and

(ii) dismissed the Second Bankruptcy Case as a bad faith filing and barred GLAD

Enterprises from filing another bankruptcy petition for a period of 2 years. *Id*. at *3-4.

The Connecticut Bankruptcy Court explained GLAD Enterprises' bad faith as follows:

> It is clear that the *sole* purpose of filing the Chapter 7 case was to continue
> to delay trial in the Foreclosure Actions. The Debtor cannot use this Court
> as a second opportunity to litigate issues resolved in, or ripe before, the
> [Connecticut State Court], or as a forum in which to employ dilatory
> tactics. Such actions are an abuse of the bankruptcy process which the
> Court cannot condone.

*Id*. at *4 (emphasis in original).

GLAD Enterprises appealed to the United States District Court for the District of

Connecticut ("Connecticut District Court"), and the Connecticut District Court affirmed.

*See G.L.A.D. Enters., LLC v. Deutsche Bank Nat'l Tr. Co. (In re G.L.A.D. Enters., LLC)*,

4

No. 3:19cv1798 (MPS), 2020 WL 2813071, at *5 (D. Conn. May 29, 2020) ("*GLAD II*")
(observing that GLAD Enterprises had "made no showing that the Bankruptcy judge's
conclusion that [GLAD Enterprises] abused the bankruptcy process and filed the
bankruptcy in bad faith was in any way incorrect").  Among other things, the
Connecticut District Court noted that lenders had not received a mortgage payment
since May 2008.  *Id.* at *2.

### 3.    Third Bankruptcy Case

After the expiration of the two-year filing bar imposed by the Connecticut
Bankruptcy Court, GLAD Enterprises filed yet another Chapter 7 bankruptcy petition on
July 5, 2022, but the third case was filed in this Court rather than the Connecticut
Bankruptcy Court.  *See In re G.L.A.D. Enters., LLC*, Case No. 22-35425 (CGM) ("Third
Bankruptcy Case").  The lender for the Fairfield Property moved for relief from the
automatic stay, and the Court granted the motion by order dated March 1, 2023.  (ECF
Third Bankruptcy Case Doc. # 14.)  GLAD Enterprises sought reconsideration of the
order modifying the automatic stay, but the Court denied reconsideration by order dated
April 7, 2023.  (ECF Third Bankruptcy Case Doc. # 27.)

GLAD Enterprises appealed to the New York District Court and moved in this
Court for a stay pending appeal.  This Court denied GLAD Enterprises' request for a
stay.  *See In re G.L.A.D. Enters., LLC*, Case No. 22-35425, 2023 WL 3856331 (Bankr.
S.D.N.Y. June 6, 2023) ("*GLAD III*").  By order dated August 10, 2023, the New York
District Court agreed that GLAD Enterprises was not entitled to a stay pending appeal.
*See G.L.A.D. Enters., LLC v. Deutsche Bank Nat'l Tr. Co.* (*In re G.L.A.D. Enters., LLC*),
No. 23-CV-3985 (CS), 2023 WL 5127835 (S.D.N.Y. Aug. 10, 2023) ("*GLAD IV*").

District Judge Seibel explained that a stay pending appeal would substantially harm the

lenders because:

> [GLAD Enterprises] has continuously used the bankruptcy courts in
> Connecticut and New York to delay and avoid any substantive ruling on
> the current foreclosure action, while making no payments since 2008 on
> the loan it received from [the Fairfield Property lender], such that the debt
> owed in connection with the loan has increased exponentially as a result of
> accrued interest, property tax payments and insurance costs.

*GLAD IV*, 2023 WL 5127835, at *3 (quoting and agreeing with lender's submission)

(internal quotation marks and alterations omitted).  GLAD Enterprises voluntarily

withdrew its appeal shortly thereafter, and the Third Bankruptcy Case was closed on

September 7, 2023.  (ECF Third Bankruptcy Case Doc. ## 43, 44.)

### 4.   Fourth Bankruptcy Case

A mere four days after the Third Bankruptcy Case was closed (*i.e.*, September 11,

2023), GLAD Enterprises filed a Chapter 11 bankruptcy petition in this Court.  *See In re

G.L.A.D. Enters., LLC*, Case No. 23-22660 (SHL) ("Fourth Bankruptcy Case").[7]  On

October 3, 2023, the lender for the Fairfield Property moved to dismiss the case and for

a filing bar.  (ECF Fourth Bankruptcy Case Doc. # 13 (motion to dismiss).)  In the

motion, the lender stated, among other things, that the original principal amount of the

loan was $5.2 million, the current value of the Fairfield Property was no greater than

$2.5 million, and the current balance on the loan was in excess of $11 million.  (*Id.* ¶¶ 1-

5.)  The lender also recounted the history of the bankruptcy filings that have impeded

the progress of the Fairfield Property Foreclosure Action.  (*Id.* ¶¶ 7-18.)

---

[7]   Whereas the Third Bankruptcy Case was filed in the Poughkeepsie Division of the Southern District of New York, the Fourth Bankruptcy Case was filed in the White Plains Division.  As a result, the Fourth Bankruptcy Case was assigned to a different judge.

On December 18, 2023, this Court entered an order (i) dismissing the Fourth Bankruptcy Case, (ii) barring GLAD Enterprises from filing another bankruptcy for a period of 2 years, and (iii) granting *in rem* relief from the automatic stay with respect to the Fairfield Property under 11 U.S.C. § 362(d)(4).  (ECF Fourth Bankruptcy Case Doc. # 17.)

**5.      Fifth Bankruptcy Case, *i.e.*, the Instant Case**

As stated, GLAD Enterprises was barred from filing another bankruptcy petition until December 18, 2025 (*see* prior paragraph).  Unable to file a bankruptcy for GLAD Enterprises, Mr. Manigault, on May 12, 2025, filed the instant petition under Chapter 7 of the Bankruptcy Code as administrator of the Estate (sometimes referred to herein as "Fifth Bankruptcy Case").  On the petition, Mr. Manigault listed the address of the Highland Mills Property as the Estate's principal place of business and listed the Westport and Fairfield Properties as the Estate's principal assets.  (ECF Doc. # 1 (petition).)

The lender for the Westport Property moved for, among other things, *in rem* relief from the automatic stay under 11 U.S.C. § 362(d)(4).  (ECF Doc. # 16.)  By order dated August 27, 2025, the Court granted *in rem* relief to the lender.  (ECF Doc. # 18.)

The U.S. Trustee moved for dismissal of the case on the basis that the Estate was not eligible to be a debtor in bankruptcy.  (ECF Doc. # 7.)  The Court granted the U.S. Trustee's motion at a hearing held on August 26, 2025[8] and entered an order dismissing the case on September 2, 2025 ("Dismissal Order").  (ECF Doc. # 20.)

---

[8]      Mr. Manigault appeared at the August 26 hearing and was given ample opportunity to make an oral presentation.  A transcript of the hearing is available at ECF Doc. # 40.

The Estate filed an appeal of the Dismissal Order and moved in the New York District Court for a stay pending appeal. *See Est. of Angela D. Simpson-Manigault v. United States Tr.* (*In re Est. of Angela D. Simpson-Manigault*), Case No. 25-CV-8199 (JGLC), 2026 WL 1506351 (S.D.N.Y. May 29, 2026) ("*District Court Decision*"). District Judge Clarke denied the Estate's motion because it was both procedurally improper and failed on the merits. As to the former, Federal Bankruptcy Rule 8007(a)(1) requires that a motion for a stay pending appeal be made in the Bankruptcy Court. *Id.* at *1. As to the latter, the Estate failed to establish that any of the four factors applicable to a stay pending appeal weigh in favor of the Estate. *Id.* at *1-2. Ultimately, Judge Clarke denied the Estate's motion "without prejudice to renew at a future time." *Id.* at *2.

### 6.   Sixth Bankruptcy Case

Following dismissal of the Fifth Bankruptcy Case and the expiration of the 2-year filing bar, GLAD Enterprises filed yet another Chapter 7 bankruptcy petition in this Court on February 24, 2026. *See In re G.L.A.D. Enters., LLC*, Case No. 26-22179 (SHL) ("Sixth Bankruptcy Case"). The lender for the Fairfield Property moved for relief from the automatic stay, and the Court granted the motion over GLAD Enterprises' objection by order dated June 4, 2026. (ECF Sixth Bankruptcy Case Doc. ## 10, 13.)

The docket of the Sixth Bankruptcy Case indicates that the meeting of creditors under 11 U.S.C. § 341(a) has been adjourned on three separate occasions. (ECF Sixth Bankruptcy Case Doc. ## 9, 12, and 14.) The case remains open.

### B.   The Instant Motion

Following the issuance of the *District Court Decision*, the Estate filed the instant Motion for a stay of the Dismissal Order pending appeal. Mr. Manigault argues that the Estate faces irreparable injury absent a stay through the loss of the Fairfield Property via

foreclosure.  (Motion at 5-6.)  He states that he and his children reside in the Fairfield

Property.  (*Id*.)

The U.S. Trustee objects to the Motion pointing out that the Motion only

addresses one of the factors – irreparable injury – relevant to a stay pending to appeal.

(Objection at 6.)  The Motion fails to address the other three factors – likelihood of

success on the merits, harm to other parties, and public interest – which all weigh

against the imposition of a stay.  (*Id*. at 6-10.)

The Court heard oral argument on the Motion on August 4, 2026 and took the

matter under advisement.

### **DISCUSSION**

Under Rule 8007(a)(1) of the Federal Rules of Bankruptcy Procedure, a party

must ordinarily "move first in the bankruptcy court for . . . a stay of the bankruptcy

court's judgment, order, or decree pending appeal."  FED. R. BANKR. P. 8007(a)(1).

Courts consider the following factors when deciding whether to grant a stay pending

appeal:

- whether the stay applicant has made a strong showing that it is likely to succeed on the merits;

- whether issuance of the stay will substantially injure the other parties interested in the proceedings;

- where the public interest lies; and

- whether the applicant will be irreparably injured absent a stay.

*Nken v. Holder*, 556 U.S. 418, 434 (2009); *see also ACC Bondholder Grp. v. Adelphia*

*Commc'ns Corp.* (*In re Adelphia Commc'ns Corp.*), 361 B.R. 337, 346 (S.D.N.Y. 2007).

A stay pending appeal under Rule 8007 is "the exception, not the rule," and the party

seeking a stay "carries a heavy burden."  *Carrington v. LaMonica* (*In re Carrington*),

698 F. Supp. 3d 659, 661 (S.D.N.Y. 2023) (quotations omitted), *dismissing appeal*, Case Nos. 24-197, 23-7433, 2024 WL 3491202 (2d Cir. May 3, 2024). The "most critical" factors are whether the appellant has made a strong showing that it is likely to succeed on the merits, and whether the appellant will be irreparably injured absent a stay. *Nken*, 556 U.S. at 434. "The decision as to whether or not to grant a stay of an order pending appeal lies within the sound discretion of the court." *In re Broadway Realty I Co., LLC*, Case No. 25-11050 (DSJ), 2026 WL 147505, at *14 (Bankr. S.D.N.Y. Jan. 19, 2026) (quoting *Sabine Oil & Gas Corp. v. HPIP Gonzales Holdings, LLC* (*In re Sabine Oil & Gas Corp.*), 551 B.R. 132, 142 (Bankr. S.D.N.Y. 2016)).

## A.    Merits

To establish a strong likelihood of success on the merits, "[i]t is not enough that the chance of success on the merits be better than negligible." *Nken*, 556 U.S. at 434 (quoting *Sofinet v. Immigr. & Naturalization Serv.*, 188 F.3d 703, 707 (7th Cir. 1999)) (internal quotation marks omitted).

Here, the Estate is unlikely to succeed on the merits of its appeal. This Court's dismissal of the Estate's bankruptcy case was premised on the well-established principle that a probate estate is ineligible to be a debtor in a Chapter 7 bankruptcy. Under section 109(b) of the Bankruptcy Code, only a "person" may be a Chapter 7 debtor. 11 U.S.C. § 109(b). Under section 101(41), the "term 'person' includes individual, partnership, and corporation . . . ." 11 U.S.C. § 101(41).

Although the word "includes" in section 101(41) implies that "person" is not limited to individuals, partnerships, and corporations, courts have uniformly ruled that a probate estate is ineligible to be a Chapter 7 debtor for at least three reasons. First and foremost, an "estate" is separately included under section 101(15)'s definition of "entity."

10

*See* 11 U.S.C. § 101(15) ("The term 'entity' includes person, *estate*, trust, governmental unit, and United States trustee.") (emphasis added).  As the Eleventh Circuit put it, "[i]f Congress had intended 'person' to include 'estate,' there would have been no reason to list 'estate' separately in the definition of 'entity.'" *Goerg v. Parungao* (*In re Goerg*), 844 F.2d 1562, 1566 (11th Cir. 1988), *cert. denied*, 488 U.S. 1034 (1989); *see also Est. of Baer*, Case No. 23-73607 (AST), 2024 WL 234134, at *2 (Bankr. E.D.N.Y. Jan. 19, 2024) ("Bankruptcy courts appear to be unanimous that a probate estate is not a 'person' under section 101(41).") (citing supporting authorities); 2 COLLIER ON BANKRUPTCY ¶ 101.41 (16th ed. 2026) ("It is important to note that the definition of 'person' does not include a probate estate . . . .  Estates and nonbusiness trusts are included in the definition of 'entity.'").

Second, the jurisdiction of bankruptcy courts does not extend to "insolvent decedents' estates because the individual states have developed, through their probate systems, a comprehensive and specialized machinery for the administration of such estates." *Goerg*, 844 F.2d at 1566 (citing supporting authorities); *In re Est. of Roberts*, No. 05–26653 ESD, 2005 WL 3108224, at *2 (Bankr. D. Md. Aug. 15, 2005) ("The bankruptcy court should not assume control of the administration of a probate estate. Probate administration is specialized and greatly detailed within state law.").

Third, the Bankruptcy Code's overriding policy to provide debtors with a "fresh start" is not served by the "Bankruptcy Court's administration of the estate of a deceased individual." *Est. of Roberts*, 2005 WL 3108224, at *1 (quoting *Matter of Jarrett*, 19 B.R. 413, 414 (Bankr. M.D.N.C. 1982)).  In fact, the underlying purposes of probate and bankruptcy are "quite different." *Id*. at *2.  The former is designed to carry out the

11

wishes of the testator regarding the distribution of property to heirs, while the latter is designed to reallocate insufficient assets among present creditors. *Id*.

Because the Estate is ineligible to be a Chapter 7 debtor, the Estate is unlikely to obtain reversal of this Court's Dismissal Order. This factor weighs heavily against a stay.

## B.      Injury to Other Parties

The movant must show that other parties will not suffer substantial harm if the stay is granted. *Adelphia*, 361 B.R. at 349. "Courts in this circuit routinely hold that issuing a stay and delaying a foreclosure may constitute financial harm to creditors." *GLAD IV*, 2023 WL 5127835, at *2 (citing supporting authorities). The lenders that provided loans for the purchase of the Properties have suffered substantial financial harm. *Id*. at *3 (observing that the Fairfield Property lender had been harmed through missed loan payments, property tax and insurance costs, and accrual of attorneys' fees). The lenders have not received a mortgage payment in almost two decades on account of millions they lent for the purchase of the Properties. The lenders' legitimate efforts to foreclose on the Properties have been thwarted by Mr. Manigault's clear and ongoing abuse of the bankruptcy system. To stop progress in the Foreclosure Actions, Mr. Manigault has filed bankruptcy petitions for GLAD Enterprises on five separate occasions. It is plain that the sole purpose of these filings has been to impede the Foreclosure Actions because no action was taken in any of the cases to restructure debts or liquidate the Properties. In other words, the bankruptcies have served no bankruptcy purpose. When Mr. Manigault could not file a bankruptcy petition for GLAD Enterprises due to a filing injunction, he filed the instant bankruptcy petition for the Estate to further impede the foreclosures. At this point, multiple courts and judges have ruled that the lenders are entitled to relief from Mr. Manigault's ongoing scheme:

12

- the Connecticut Bankruptcy Court issued a 2-year filing bar "[i]n light of [GLAD Enterprises'] bad faith," *GLAD I*, 2019 WL 5586962, at *4, which was affirmed by the Connecticut District Court, *GLAD II*, 2020 WL 2813071, at *5;

- the New York District Court, in denying a request for stay pending appeal in the Third Bankruptcy Case, agreed with the lender's assertion that GLAD Enterprises had "abused the bankruptcy process" by repeatedly filing bankruptcy petitions over many years, *GLAD IV*, 2023 WL 5127835, at *4;

- this Court ruled in the Fourth Bankruptcy Case that GLAD Enterprises' conduct warranted the imposition of another 2-year filing bar as well as *in rem* relief from the automatic stay under 11 U.S.C. § 362(d)(4) with respect to the Fairfield Property, (ECF Fourth Bankruptcy Case Doc. # 17); and

- this Court ruled in the instant bankruptcy case that the history of bankruptcy filings warranted *in rem* relief from the automatic stay with respect to the Westport Property, (ECF Doc. # 18).

Mr. Manigault's abuse of the bankruptcy system has substantially harmed the lenders, and a stay pending his current appeal would only increase their financial harm. This factor weighs heavily against a stay.

## C.   **Public Interest**

The "public interest favors the expedient administration of the bankruptcy proceedings." *Adelphia*, 361 B.R. at 349.  District Judge Seibel ruled in *GLAD IV* that the public interest is not served by allowing these lenders to continue to be financially harmed by GLAD Enterprises' abuse of the bankruptcy system.  2023 WL 5127835, at *4.  Mr. Manigault's filing of a bankruptcy petition for the Estate is a continuation of the same scheme.  Further, as set forth *supra*, bankruptcy courts cannot preside over the administration of a probate estate.  Thus, the public interest is not served by a stay here.

## D.   **Irreparable Injury**

The Estate argues that, absent a stay, Mr. Manigault and his children would be irreparably injured by the continuation of the Fairfield Property Foreclosure Action.

Loss of one's home constitutes irreparable injury. *In re Slater*, 200 B.R. 491, 495 (E.D.N.Y. 1996). Nonetheless, "[a] stay is not a matter of right, even if irreparable injury might otherwise result." *Nken*, 556 U.S. at 433 (quotation omitted). Courts should not analyze any one factor in a vacuum and should treat the four factors "like a sliding scale," in which "more of one excuses less of the other." *Carroll v. Trump*, 687 F. Supp. 3d 394, 400 (S.D.N.Y. 2023) (quotations and alteration omitted). Where "likelihood of success [is] totally lacking, the aggregate assessment of the factors bearing on issuance of a stay pending appeal cannot possibly support a stay." *Uniformed Fire Officers Ass'n. v. de Blasio*, 973 F.3d 41, 49 (2d Cir. 2020) (citing supporting authorities).

Even assuming that the Fairfield Property would be sold in a foreclosure sale, the Estate has not met its burden for a stay. As established above, the other three factors weigh heavily against the issuance of a stay pending appeal. In particular, the likelihood of success is "totally lacking" for reasons already stated. *Uniformed Fire Officers Ass'n.*, 973 F.3d at 49. Under these circumstances, the Estate has failed to satisfy its burden for the imposition of a stay.

### CONCLUSION

For the reasons set forth herein, the Objection is SUSTAINED, and the Motion is DENIED. Counsel for the U.S. Trustee shall (i) submit an order consistent with this Memorandum Decision to the Court's eOrders system, and (ii) provide a copy of this Memorandum Decision to the Honorable Jessica G.L. Clarke.

/s/ **Kyu Y. Paek**

**Dated: August 13, 2026**
**Poughkeepsie, New York**

_____
**Hon. Kyu Y. Paek**
**U.S. Bankruptcy Judge**

14